**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE REDEVELOPMENT AGENCY OF THE CITY OF STOCKTON, a public body, corporate and politic,<br><br>         Plaintiff,<br><br>vs.<br><br>BURLINGTON NORTHERN AND SANTA FE RAILWAY CORPORATION; UNION PACIFIC RAILROAD COMPANY; and DOES 1 through 100,<br><br>         Defendants. | No. 2:05-CV-02087-RRB-JFM<br><br>**ORDER** |

Before the Court are Defendants Burlington Northern and Santa Fe Railway Company and Union Pacific Railroad Company ("Defendants") with a Motion for Reconsideration of Memorandum of Opinion and Order Filed June 19, 2007 (Docket 122); wherein, Defendants argue said ". . . Order was based on an erroneous interpretation of California nuisance law, and that all of the Court's decisions in favor of Plaintiff and against Defendants were based on that error."[1]  Plaintiff the Redevelopment Agency of the

---

[1]     Docket 122 at 2.

ORDER RE DEFENDANTS' MOTION FOR RECONSIDERATION - 1
2:05-CV-02087-RRB-JFM

City of Stockton, a public body, corporate and politic ("Plaintiff"), opposes at Docket 123 and argues "[r]econsideration is not warranted here because no 'clear error' of law occurred and no other basis has been asserted for [Defendants'] Motion."[2] Plaintiff is correct.

Generally, reconsideration of an interlocutory order is appropriate only where: "(1) the party presents the court with newly discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law."[3]  None of the aforesaid standards and/or conditions are present here.[4]

For this reason, and for additional reasons more carefully articulated within the applicable pleadings, papers, affidavits, etc., Defendants' Motion for Reconsideration at **Docket 122** is hereby **DENIED**.  This matter shall proceed forward in due course.

**ENTERED** this 20th day of November, 2007.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[2]   Docket 123 at 18.

[3]   Docket 122-2 at 8 (quoting McConnell v. Lassen County, 2007 WL 2345009 at *1 (E.D. Cal. 2007); and citing School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)).

[4]   Indeed, inasmuch as Judge Levi correctly concluded that Defendants "assisted in the creation of the nuisance," the Court further concludes his ruling does not amount to "clear error."

ORDER RE DEFENDANTS' MOTION FOR RECONSIDERATION - 2
2:05-CV-02087-RRB-JFM