IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BNSF RAILWAY COMPANY and UNION PACIFIC RAILROAD COMPANY,<br><br>          Plaintiffs,<br>     v.<br><br>STATE OF CALIFORNIA, CALIFORNIA DEPARTMENT OF TRANSPORTATION,<br><br>          Defendant.<br>_____/ | No. 2:08-CV-02225-JAM-JFM |
| THE REDEVELOPMENT AGENCY OF THE CITY OF STOCKTON, a public body, corporate and politic,<br><br>          Plaintiff,<br>     v.<br><br>BURLINGTON NORTHERN AND SANTA FE RAILWAY CORPORATION, UNION PACIFIC RAILROAD COMPANY, and DOES 1 THROUGH 100,<br><br>          Defendants.<br>_____/ | No. 2:05-CV-02087-JAM-JFM<br><br><u>Order Granting Plaintiff/Counter-defendant's Motion for Partial Summary Judgment</u> |

And <u>RELATED CROSS-ACTIONS</u>

This matter comes before the Court on Plaintiff/Counter-defendant the Redevelopment Agency of the City of Stockton's ("RAS") motion for partial summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Defendants/Counter-claimants Burlington Northern and Santa Fe Railway Corporation and Union Pacific Railroad Company (collectively "Railroads") oppose the motion. For the reasons set forth below[1], Plaintiff/Counter-defendant RAS's motion is GRANTED.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The factual background underlying this case is more fully outlined in the Court's previous Memorandum of Opinion and Order on the parties' cross-motions for summary judgment, filed June 19, 2007. Docket ("Doc.") # 89. The present motion focuses on two of Railroads' counterclaims for 1) contribution under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a) and 2) for contribution under the Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA"), California Health & Safety Code § 25363(e). Railroads assert they are entitled to recover $23,579.50 in attorney's fees from

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

RAS because the fees were incurred to identify potentially responsible parties ("PRPs") and are therefore recoverable as a response cost under CERCLA pursuant to the United States Supreme Court's decision in Key Tronic Corp. v. United States, 114 S.Ct. 1960 (1994). In the present motion, RAS moves this Court for partial summary judgment as to Railroads' two counterclaims for contribution under CERCLA and HSAA. Railroads opposes the motion.

## II.  OPINION

A. Legal Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims and defenses." Cleotex v. Catrett, 477 U.S. 317, 323-324 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 248-49 (1986). If the moving party meets its burden, the burden of production then shifts so that "the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts

showing that there is a genuine issue for trial.'" T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting Fed. R. Civ. P. 56(e) and citing Celotex, 477 U.S. at 323).  The Court must view the facts and draw inferences in the manner most favorable to the non-moving party.  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

The mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient: "There must be evidence on which the jury could reasonably find for [the non-moving party]."  Anderson, 477 U.S. at 252.  This Court thus applies to either a defendant's or plaintiff's motion for summary judgment the same standard as for a motion for directed verdict, which is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id.

B. Contribution Under CERCLA

Railroads claim they are entitled to recover PRP-identification costs as response costs under CERCLA pursuant to the Supreme Court's decision in Key Tronic.  RAS argues that Railroads requested $23,579.50 award for attorney's fees was not a "necessary" response cost under CERCLA.  CERCLA permits recovery of "any . . . necessary costs of response incurred . . . consistent with the national contingency plan."  42 U.S.C. §

4

9607(a)(4)(B).  In determining the types of necessary costs recoverable under CERCLA, the <u>Key Tronic</u> Court held that costs which are "closely tied to the actual cleanup may constitute a necessary cost of response in and of itself under the terms of § 107(a)(4)(B)."  <u>Key Tronic</u>, 511 U.S. at 820.  The Court noted that such costs may include "work performed in identifying other PRPs," or work "performed by engineers, chemists, private investigators, or other professionals who are not lawyers," because "tracking down other responsible solvent polluters increases the probability that a cleanup will be effective and get paid for" which "significantly benefited [sic] the entire cleanup effort and served a statutory purpose . . ." <u>Id.</u>

In contrast, the Supreme Court instructed that fees incurred as "litigation expenses" or "in pursuing litigation" are not properly included in recoverable CERCLA costs.  <u>Id.</u>  For example, recoverable costs did not include "legal services performed in connection with the negotiations between Key Tronic and the EPA that culminated in the consent decree," or "[s]tudies that Key Tronic's counsel prepared or supervised during those negotiations" because such work "protect[ed] Key Tronic's interests as a defendant in the proceedings that established the extent of its liability."  <u>Id.</u> at 820.  "As such, these services do not constitute 'necessary costs of response' and are not recoverable under CERCLA."  <u>Id.</u>

In the present motion, Railroads provided the Court with a comprehensive summary and explanation of the work performed that Railroads asserts reflects the recoverable CERCLA response costs for their identification of PRPs.  See Gracco Decl., Exh. 10 at Doc. # 166.  After carefully considering Railroads' requested fees, the Court cannot distinguish Railroads' efforts expended in searching for PRPs from their own litigation expenses.  The declaration provided by Railroads demonstrates that the fees Railroads claim as "necessary costs of response" are in fact, litigation-related and not closely tied to an actual cleanup as required by the Supreme Court's decision in Key Tronic.  For example, Railroads supporting declaration claims that compiling and reviewing information about the french drain and conducting research regarding the Stockton property, construction of the drainage pipe, and railroad right of way are necessary response costs recoverable under CERCLA.  However, these costs do not fall within the recoverable response costs identified in the Key Tronic decision.

Here, although Railroads, while litigating the issue of liability for the french drain, may have identified other parties with a possible connection to either the release of petroleum or installation of the french drain, their work does not amount to non-litigation nor does it meet the Key Tronic requirement of being closely tied to an actual cleanup.

Railroads' work in identifying potentially responsible parties was not a necessary cost of response because it did not arise during, nor does it appear to benefit, any cleanup process.  See Fireman's Fund Ins. Co. v. City of Lodi, California, 302 F.3d 928, 953 (9th Cir. 2002) (noting that the ability to recover litigation-related attorney's fees does not necessarily advance the pace of the cleanup because it may encourage ambitious litigation).  Railroads expended significant attorney's fees in an attempt to avoid liability for the contamination released from the french drain.  These efforts were expended to protect Railroads' interests as a defendant and have not advanced the cleanup of the Stockton cite.  Thus, the fees were incurred as "litigation expenses" or "in pursuing litigation" and therefore, are not properly included in recoverable CERCLA costs.  Key Tronic, 511 U.S. at 820.

Because this Court has carefully examined the work performed by Railroads and concludes the work is litigation-related, the Court finds as a matter of law that Railroads' work is not a recoverable "response cost" under CERCLA.  Accordingly, RAS's motion for partial summary judgment on Railroads' claim

for contribution under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a) is GRANTED.[2]

C. Contribution Under HSAA

Railroads claim they are entitled to contribution under the Hazardous Substance Account Act, Cal. Health & Safety Code § 25300, *et seq.*, the California version of CERCLA. It is well-established that the HSAA is interpreted consistent with CERCLA. See Nixon-Egli Equip. Co. v. John A. Alexander Co., 949 F. Supp. 1435, 1441 n.5 (C.D. Cal. 1996). The HSAA explicitly refers to CERCLA for the definition of recoverable "response costs", and provides that CERCLA's definitions shall apply "unless the context requires otherwise . . ." Cal. Health & Safety Code §§ 25310, 25323.3.

Here, in interpreting HSAA "response costs" consistent with CERCLA response costs, this Court finds that Railroads' attorney fees, like under CERCLA, are not recoverable response costs under HSAA. As stated above, Railroads' work in identifying PRPs was not a necessary cost of response because the fees were incurred as "litigation expenses" or "in pursuing litigation"

---

[2] Because the Court finds that Railroads have not incurred any "necessary costs of response" under CERCLA, the Court does not need to reach the issue of whether RAS is a responsible party or can meet CERCLA's "innocent landowner" defense. Regardless of whether RAS is labeled a responsible party under CERCLA, Railroads would not be entitled to recover their attorney's fees from RAS because the fees were not incurred as a necessary response cost.

and have not advanced the cleanup of the Stockton cite. Accordingly, Railroads' attorney's fees are not properly included in recoverable CERCLA or recoverable HSAA costs.

## III. ORDER

For the reasons set forth above, RAS's motion for partial summary judgment on Railroads' counterclaims for contribution under CERCLA § 107(a) and HSAA § 25363(e) is GRANTED.

IT IS SO ORDERED.

Dated: January 6, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE