BROWN & WINTERS
WILLIAM D. BROWN, ESQ., SBN: 125468
CHRISTINE J. GRACCO, ESQ., SBN: 213980
120 Birmingham Drive, Suite 110
Cardiff-By-The-Sea, CA 92007
Tel: 760-633-4485
Fax: 760-633-4427
Email: bbrown@brownandwinters.com
       cgracco@brownandwinters.com

LEWIS BRISBOIS BISGAARD & SMITH LLP
JOSEPH A. SALAZAR, JR., ESQ., SBN 169551
GLENN A. FRIEDMAN, ESQ., SBN 104442
2850 Gateway Oaks Drive, Suite 450
Sacramento, CA 95833
Tel.: 916-646-8201
Fax: 916-564-5444
Email: jsalazar@lbbslaw.com
       gfriedman@lbbslaw.com

Attorneys for Plaintiff and Counterclaim-Defendant
THE REDEVELOPMENT THE AGENCY OF
THE CITY OF STOCKTON

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REDEVELOPMENT THE AGENCY OF THE CITY OF STOCKTON, a public body corporate and politic,<br><br>Plaintiff,<br><br>v.<br><br>BURLINGTON NORTHERN AND SANTA FE RAILWAY CORPORATION UNION PACIFIC RAILROAD COMPANY, and DOES 1 through 100,<br><br>Defendants,<br><br>AND RELATED CROSS-ACTIONS | Case No.: 2:05-CV-02087-JAM-JFM<br><br>**JUDGMENT**<br><br>**Judge:** Hon. John A. Mendez<br>**Courtroom:** 6, 14th Floor |

Plaintiff, the Redevelopment Agency of the City of Stockton ("RAS" or the "Agency") and defendants BNSF Railway Company ("BNSF") and Union Pacific Railroad Company ("Union Pacific") (collectively "Railroads") presented the above captioned action for trial before the Court from February 23 to February 26, 2009.  After further briefing from the Agency and the Railroads, the Court issued its findings of fact and conclusions of law on July 1, 2009. Based upon such findings, judgment in the amount of $816, 851.70 is awarded to Agency calculated as follows:

| | |
|---|---|
| ▪Area 3 costs (limited to costs incurred prior to September 29, 2005) | $489,110.32 |
| ▪Golden State Environmental, Inc. ("GSE") costs | $302,080.02 |
| ▪Oversight Costs (limited to Regional Water Quality Control Board ("RWQCB") costs) | $ 25,661.36 |

In addition, the Agency is entitled to preliminary and permanent injunction requiring the Railroads to take the following action:

> The Railroads shall investigate and, if necessary, remediate diesel petroleum contamination of soil and groundwater at, under and emanating from Areas 3, 4 and 24 as to achieve Closure under the authority of and to the satisfaction of the lead oversight agency, as designated by the responsible environmental regulatory agencies, including but not limited to RWQCB, Department of Toxic Substances Control ("DTSC"), and any other federal, state or local governmental agency (excluding the Agency) with jurisdiction over the remediation of the Site ("Lead Agency").  (The term "Closure" shall mean the issuance of an official "no further action" letter or other written communication of equivalent form and effect from the Lead Agency which confirms that all necessary investigation and remediation of diesel petroleum contamination at, under and emanating from Areas 3, 5 and 24 have been completed based upon current commercial standards.)  To the extent that removal of the drainage pipe located beneath Areas 4 and 24 is required, the Agency is required to remove it at its own costs.  The Court shall retain

jurisdiction.  The Railroads will report their progress in obtaining Closure to the Court every six months until Closure is obtained.

Adjudication of the amount of attorneys' fees and statutory interest will be addressed by the Court at a future hearing following full briefing by the parties.

**IT IS SO ORDERED.**

Dated:  July 7, 2009                                   /s/ John A. Mendez
                                                       HON. JOHN A. MENDEZ

PDF created with pdfFactory trial version www.pdffactory.com